UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID L. THORPE, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Cause No. 1:19-CV-2988 RLM-MPB |
| | ) |
| INDIANA ELECTRICAL WORKERS | ) |
| PENSION TRUST FUND, I.B.E.W., | ) |
| | ) |
| Defendant | ) |

OPINION AND ORDER

This dispute arises out of a disagreement regarding the payment of retirement benefits from a multi-employer pension plan governed by ERISA. David L. Thorpe brings two claims for pension benefits against the Indiana Electrical Workers Pension Trust Fund, I.B.E.W. The first is a claim for pension plan benefits and rights under the Employee Retirement Income Security Act of 1974, and the second is an alternative claim for benefits under a theory of estoppel. The fund moves for judgment on the pleadings as to the second claim. For the reasons set forth below, the court GRANTS the defendant's motion.

A party may move for judgment on the pleadings after the pleadings are closed. Fed. R. Civ. P. 12(c). "To survive a motion for judgment on the pleadings, a complaint must state a claim to relief that is plausible on its face." Milwaukee Police Ass'n v. Flynn, 863 F.3d 636, 640 (7th Cir. 2017) (*quoting* Wagner v. Teva Pharm. USA, Inc., 840 F.3d 355, 357–358 (7th Cir. 2016)). The court construes

the complaint in the light most favorable to the nonmoving party, accepts all well-pleaded facts as true, and draws all reasonable inferences in the plaintiff's favor. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell v. City of Chicago, 835 F.3d 736, 738 (7th Cir. 2016). A Rule 12(c) motion can be granted "when it appears beyond a doubt that the plaintiff cannot prove any facts to support a claim for relief and the moving party demonstrates that there are no material issues of fact to be resolved." Moss v. Martin, 473 F.3d 694, 698 (7th Cir. 2007).

The following facts are taken from Mr. Thorpe's complaint and accepted as true for the purpose of deciding the fund's motion. Mr. Thorpe has been a participant in the defendant pension fund since 1978. In 2006, he and his wife, Kathleen, divorced. During their divorce proceedings, a court entered a domestic relations order that divided Mr. Thorpe's pension benefits between him and Mrs. Thorpe. The pension fund administrator accepted the domestic relations order and entered a qualified domestic relations order (QDRO) to show in Mr. Thorpe's pension plan that part of his benefits were payable to Mrs. Thorpe.

Mr. Thorpe applied for his pension in May 2008. He elected a 10-year certain pension option; the pension fund administrator confirmed the election and told Mr. Thorpe he would receive $3,847 per month. Mr. Thorpe asked Carol Lyons, a representative of the fund, if the $3,847 per month figure was accurate in light of the QDRO awarding Ms. Thorpe a portion of his benefits. Ms. Lyons asked the fund's actuarial service for a benefits calculation for Mr. Thorpe. She forwarded the actuarial service's report to the fund's counsel, who said that

under the QDRO, the benefits payable to Mrs. Thorpe didn't need to be segregated until she elected to begin receiving them, and until then, Mr. Thorpe could receive 100 percent of his monthly benefit.

Mrs. Thorpe applied to receive her benefits from the pension fund in April 2018. The pension fund, the actuarial service, and the pension fund's counsel (which had changed since 2008) revisited the QDRO and recalculated Mr. and Mrs. Thorpe's benefits. In June 2018, the fund wrote Mr. Thorpe a letter to tell him that there had been an error in its interpretation of the QDRO and that his pension would be reduced so it could recoup the overpayment he'd been receiving for ten years. Mr. Thorpe appealed the pension fund's decision. The fund upheld its decision, and this suit followed.

The fund characterizes Count II of Mr. Thorpe's complaint as a state law claim for estoppel and argues that ERISA preempts such a claim. When faced with an assertion of "conflict preemption" under ERISA:

> [t]he statute provides the starting point for [the court's] analysis. Section 514(a) [29 U.S.C. § 1144(a)] says that ERISA shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan. The trick, as the Court explained in New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Insurance Co., 514 U.S. 645 (1995), is to determine how close a relation the state law must have to the plan. In Shaw v. Delta Air Lines, Inc., 463 U.S. 85 (1983), the Court held that [a] law relates to an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan. It went on to stress that ERISA does not preempt only state laws specifically designed to affect employee benefit plans, or only state laws dealing with the subject matters covered by ERISA. Instead, as the Court reiterated later in Aetna Health Inc. v. Davila, 542 U.S. 200 (2004), ERISA includes expansive pre-emption provisions, which are intended to ensure that employee benefit plans regulation would be exclusively a federal concern.

McDonald v. Household Int., Inc., 425 F.3d 424, 428 (7th Cir. 2005) (quotations, citations, and parallel citations omitted).

While ERISA's preemption provisions are expansive, the party asserting the preemption defense "bear[s] the considerable burden of overcoming the starting presumption that Congress does not intend to supplant state law." De Buono v. NYSA-ILA Med. and Clinical Servs. Fund, 520 U.S. 806, 814 (1997) (quotations and citations omitted). This is especially true for areas traditionally left to the states for regulation. Trustees of the AFTRA Health Fund v. Biondi, 303 F.3d 765, 775 (7th Cir. 2002). For the court to determine "whether the normal presumption against pre-emption has been overcome in a particular case, [the court] must go beyond the unhelpful text and the frustrating difficulty of defining its key term," De Buono v. NYSA-ILA Fund, 520 U.S. at 813-814 (quotations and citations omitted), and "look both to the objectives of the ERISA statute as a guide to the scope of the state law that Congress understood would

survive as well as to the nature of the effect of the state law on ERISA plans." Egelhoff v. Egelhoff, 532 U.S. 141, 147 (1997) (quotations and citations omitted); *see also* AFTRA Health Fund v. Biondi, 303 F.3d at 776, n.8 ("we join the First Circuit in concluding that when the nexus between a state law and ERISA is less than clear, federal courts are required to evaluate the law in light of ERISA's statutory objectives—regardless of which category of preemption the state law might fall under.").

In short, the court must decide whether Mr. Thorpe's estoppel claim is of the type Congress intended to supplant when it passed ERISA, and also what effect the law upon which this claim is brought has on ERISA plans, all the while keeping in mind ERISA's stated objectives:

> to protect . . . the interests of participants . . . and their beneficiaries, by requiring the disclosure and reporting . . . of financial and other information . . . by establishing standards of conduct, responsibility, and obligation for fiduciaries of employee benefit plans, and by providing for appropriate remedies, sanctions and ready access to the Federal courts . . . and by improving the equitable character and soundness of such plans by requiring them to vest the accrued benefits of employees with significant periods of service, to meet minimum standards of funding, and by requiring termination insurance.

AFTRA Health Fund v. Biondi, 303 F.3d at 774 (*quoting* 29 U.S.C. § 1001(b)-(c)) (quotations and citations omitted). For this purpose:

> the Supreme Court has identified at least three instances where a state law can be said to have a connection with or reference to employee benefit plans, when it (1) mandates employee benefit structures or their administration, (2) binds employers or plan administrators to particular choices or precludes uniform administration practice, thereby functioning as a regulation of an

5

> ERISA plan itself, and (3) provides an alternate enforcement mechanism to ERISA.

AFTRA Health Fund v. Biondi, 303 F.3d at 775 (quotations and citations omitted).

The fund argues that Mr. Thorpe seeks the same relief under his estoppel claim that he seeks under his ERISA claim, so any state law estoppel claim is preempted. Mr. Thorpe says in his complaint that he is making a claim for estoppel "in the alternative to, and not in addition to, Count I." Section 502(a)(1)(B) permits a plan participant to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132. A state law can't provide an alternative enforcement mechanism to ERISA, AFTRA Health Fund v. Biondi, 303 F.3d at 775, so Mr. Thorpe can't bring a claim for estoppel under state law.

Mr. Thorpe argues that his estoppel claim is viable under the federal common law of ERISA, citing Black v. TIC Investment Corporation for the proposition that "estoppel principles generally apply to all legal actions." 900 F.2d 112, 115 (7th Cir. 1990). Mr. Thorpe's arguments are unavailing. The circuit court in Black limited its application of estoppel principles, holding "that estoppel principles are applicable to claims for benefits under unfunded single-employer welfare benefit plans under ERISA. We express no opinion as to the application of estoppel principles in other situations." 900 F.2d at 115. The

6

circuit court has declined to extend its ruling in <u>Black</u> to claims against funded or multi-employer plans, noting that "allowing estoppel claims against funded, multi-employer plans may undermine the actuarial soundness of the plans." <u>Pearson v. Voith Paper Rolls, Inc.</u>, 656 F.3d 504, 509 at n.2 (7th Cir. 2011) (collecting cases). Bound by the precedent of this circuit, the court declines to extend the circuit court's rulings.

Based on the foregoing, the defendant's motion for judgment on the pleadings as to Count II of the complaint [Doc. No. 9] is GRANTED.

SO ORDERED.

ENTERED:  August 4, 2020

      /s/ Robert L. Miller, Jr.
  Judge, United States District Court

Distribution: All electronically
registered counsel of record